UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SAMUEL NEAL STRICKLAND**  :  **DOCKET NO. 2:25-cv-0357**
**REG. # 17051-171**  :  **SECTION P**

**VERSUS**  :  **JUDGE DAVID C. JOSEPH**

**FELIPE MARTINEZ, JR., ET AL**  :  **MAGISTRATE JUDGE LEBLANC**

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Samuel Neal Strickland, who is proceeding *pro se* and *in forma pauperis* in this matter. Strickland is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Sandstone, Minnesota. At the time he filed suit, he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"), where the incidents giving rise to this suit took place.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I.  BACKGROUND

Plaintiff complains that on or around Friday, January 17, 2025, the food trays in Special Housing Unit 123 were "short." Doc. 1, p. 5. Prison officials allegedly conceded that a few meals that week were "not anywhere on the National Menu or anywhere near the 2000 daily calorie diet for the day." *Id*.

He also alleges that from January 17, 2025, through January 20, 2025, he was not allowed to shower. *Id*. at pp. 5-6.

## II.     LAW & ANALYSIS

### A. *Frivolity Review*

Strickland has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of *Bivens* was, in essence, to create a remedy for federal officers, acting under

color of federal law, that was analogous to the section 1983 action against state officials.") To hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

#### 1. Substandard Meals

Plaintiff alleges that at least three times during the week of January 17, 2025, the food trays given to the inmates in his "Region" were "short," i.e., less than the usual/required 2,000 calories.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff failed to allege that he sustained any physical injury as a result of being served a few meals that were "short" on food.

To the extent Plaintiff contends the meal did not follow FCIO regulations or polices, this claim fails, as a prison official's failure to follow the prison's own regulations or policies does not amount to a constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989); *Arceneaux v. Young*, 369 Fed. Appx. 620, 2010 WL 935365, at *1 (5th Cir. 2010); *Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 2007 WL 1135303, at *1 (5th Cir. 2007).

### 2.     *No shower for 5 days*

Next, Plaintiff complains that for a five-day period in January 2025, the inmates in his Region were not allowed a shower. The Constitution "forbids deprivation of the basic elements of hygiene." *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983). "Prison authorities may not withhold from prisoners the basic necessities of life, which includes reasonably adequate sanitation." *Sanford v. Brookshire*, 879 F. Supp. 691, 693 (W.D. Tex. 1994). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). Minor restrictions to hygiene or sanitation, although admittedly unpleasant, do not amount to a constitutional violation. *Johnson*, 281 Fed. App'x at 322*; see also Fountain v. Thaler*, No. 6:13-CV-958, 2015 U.S. Dist. LEXIS 117700, 2015 WL 5168775, at *17 (E.D. Tex. Sept. 2, 2015) ("There is no constitutional right to a daily shower.") (citing *Walker v. Montzes*, 771 F.2d 920, 928 (6th Cir. 1985).

Even though inmates had limited access to the showers, Plaintiff has shown no extreme deprivation of hygiene. *See, e.g., Curry v. Byrd*, No. 5:13-CV-196-DCB-MTP, 2016 U.S. Dist. LEXIS 34719, 2016 WL 1068858, at *3 (S.D. Miss. Jan. 28, 2016) (noting that even though the plaintiff claimed he "suffered discomfort" due to the lack of a daily shower, such allegations do not rise to the level of a constitutional violation). Plaintiff's allegations fail to show that he was deprived of access to proper hygiene amounting to the infliction of cruel and unusual punishment. Accordingly, this claim should be dismissed for failure to state a claim.

### III.     CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that this *Bivens* action be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as frivolous and for failure to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 9th day of October, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE